IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

_____

| | |
|---|---|
| JIMMY CARL JAMES, #162 469 | * |
| Plaintiff, | * |
| v. | * CIVIL ACTION NO. 3:05-CV-779-F |
| | (WO) |
| CHAMBERS COUNTY DETENTION FACILITY, *et al.*, | * |
| | * |
| Defendants. | |

_____

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, an inmate incarcerated at the Chambers County Detention Facility located in Lafayette, Alabama, filed this 42 U.S.C. § 1983 on August 15, 2005. He complains that his constitutional rights are being violated at the jail as a result of its inability to accommodate disabled/handicapped persons. Plaintiff names as Defendants the Chambers County Detention Facility, Sheriff Sid Lockhart, Major Bill Landrum, Captain Tommy Barrow, and Lieutenant Keisha Leverett.

Upon review of the complaint, the court concludes that dismissal of Plaintiff's claims against the Chambers County Detention Facility prior to service of process is appropriate under 28 U.S.C. § 1915(e)(2)(B)(i).

## DISCUSSION

The Chambers County Detention Facility is not a legal entity and, therefore, is not subject to suit or liability under § 1983. *See Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992). In light of the foregoing, the court concludes that Plaintiff's claims against this defendant are due to be dismissed. *Id.*

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that Plaintiff's claims against the Chambers County Detention Facility be dismissed with prejudice prior to service of process pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i), and that this party be dismissed as a defendant to this complaint. It is further the Recommendation of the Magistrate Judge that this case with respect to the remaining defendants be referred back to the undersigned for additional proceedings.

It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **6 September 2005**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the

Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 22nd day of August, 2005.

/s/ Vanzetta Penn McPherson
VANZETTA PENN MCPHERSON
UNITED STATES MAGISTRATE JUDGE